THE STATE OF OHIO *v.* SEARS.

(No. 64-22696—Decided June 29, 1973.)

Municipal Court of Piqua.

*Mr. L. Craig Hallows,* for plaintiff.
*Mr. Richard A. Goater,* for defendant.

WILSON, J. The defendant was charged with possession of marijuana on April 28, 1973, contrary to R. C. 3719.41, a misdemeanor which is also a serious offense.

On June 6, 1973, the defendant filed a motion to suppress the evidence taken from his person for the reason that the same was obtained by an illegal search and seizure.

At the hearing on the motion to suppress, Tim Jolliff testified that he and the defendant along with another boy stopped at the Econo-Wash laundry a little before 2:00 o'clock A. M. on the date in question to get something to drink. One of the boys put a quarter in the soft drink vending machine, and the machine did not function properly because the quarter stuck in the machine.

The boys were in the process of either retrieving the quarter or attempting to get the machine to function when the police arrived, searched the defendant, and found a

baggie of marijuana in the defendant's pocket. Dennis Snapp, the arresting officer, testified that the police department had received a complaint of coin box tampering. Patrolman Snapp also testified that he and other officers arrived at the scene, observed the defendant with a wire in his hand and that the defendant appeared to be tampering with the coin machine.

The police then entered the premises and Patrolman Snapp made a patting search of the defendant's outer clothing for weapons. In patting down the defendant the officer testified that he found nothing which felt like a weapon. He did feel and squeeze the baggie and then reached into the defendant's pocket and removed the baggie containing marijuana. The officer also testified that he made no observation as to whether or not there was a coin stuck in the machine. The only arrest was the arrest of the defendant for possession.

The court is of the opinion that there was "search" when the officer patted down the defendant's outer clothing, but that the facts available to the officer and the rational inferences from the facts reasonably warranted that intrusion. In other words the circumstances justified a weapous search.

The real question in issue is whether or not the officer's reaching into the defendant's pocket was constitutionally reasonable after patting down the defendant and finding nothing which resembled a weapon. There is no question but that if the officer had felt something which he thought was a weapon, the officer would have been warranted in conducting more than a patting down search. *Terry* v. *Ohio* (1968), 392 U. S. 1. There is also no question but that a search incidental to a lawful arrest is constitutionally reasonable. *Chimel* v. *California* (1969), 395 U. S. 752, and other cases cited therein.

An "incident search may not precede an arrest and serve as part of its justification," *Sibron* v. *New York* (1968), 392 U. S. 40, 63.

In view of the law it appears that the evidence is admissible if the search of the defendant was incidental to a

lawful arrest, and not admissible if the fact situation was essentially that of "stop and frisk."

The state's privilege to use physical evidence seized by law enforcement agents from the defendant's person requires an affirmative showing that the search and seizure was reasonable in the context of the Fourth Amendment.

The court is of the opinion that the state did not show that an incident search was made upon the defendant, and that the right to search under "stop and frisk" ceased when the officer determined that there were no weapons on the person of the defendant.

The defendant's motion to suppress is therefore sustained.

*Motion to suppress sustained.*