312 So.2d 495 (1975)
Charles Edward LYLES, Appellant,
v.
STATE of Florida, Appellee.
No. V-79.
District Court of Appeal of Florida, First District.
May 16, 1975.
Eugene Loftin, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant was charged by information along with a co-defendant with possession of heroin and possession of cocaine. Although the count alleging possession of cocaine was "nol prossed," appellant was convicted and sentenced to a term of three years imprisonment for possession of heroin from which he now appeals.
In order to properly evaluate the several points raised on appeal, it will be necessary to present the relevant factual background. On the afternoon of October 24, 1973, Officers Leonard Kinard, Jr. and G.E. Miller were on routine patrol. Officer Kinard observed a parked car which he felt matched the description of the car mentioned in a dispatch issued on the day before. Said dispatch informed all officers to be on the lookout for a two-toned Cadillac with an expired tag which had been reported stolen. Appellant was observed sitting in the back seat of the car on the right side while appellant's co-defendant, *496 Angelina Brown, was seen sitting on the passenger's side in the front seat. When asked who was driving the car, appellant responded that the person who owned the car had gone to get a license plate for it. In the course of the investigation, the daily bulletin which contained the vehicle identification number (VIN) of the stolen Cadillac was obtained and was to be compared with the VIN of the car in which the appellant was a passenger. As this comparison was being made, Officer Kinard noticed appellant in the back seat make a motion with his left arm as if to conceal something or get something under the armrest. Officer Kinard immediately reached under the armrest and retrieved two items; A small plastic baggie containing a white powdery substance and a brown manila envelope which was taped up. After the tape was removed, another white powdery substance was found in the manila envelope. Laboratory analysis revealed that the baggie contained only quinine while the manila envelope contained heroin. Appellant and Ms. Brown were then placed under arrest.
Appellant first argues that the lower court erred in not granting his motion to suppress. He argues that since the search was made without a warrant and was not conducted pursuant to any of the exceptions to the warrant requirement, the evidence seized as a result of the unjustified warrantless search cannot be used against him. The State, however, asserts that the facts which are presented in this case lend themselves to the doctrine announced by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967). According to the State, after the officers approached the parked car which reasonably met the description of a car which was reported stolen, they were empowered to conduct a stop-and-frisk type of search for weapons when the appellant made a movement with his hand toward the armrest.
Had the facts as presented in the record before us been slightly different, we would be forced to disagree with the State. If, for instance, the officers had no reason whatsoever to approach the parked car before initiating the search, the search would not be justified. But the record sub judice reveals that the description of the stolen car substantially matched the description of the car in which the appellant was sitting. Nor could we uphold a search where an officer observes a "suspicious movement" around the armrest and subsequently attempts to justify an extensive search of the entire automobile as a search for weapons as permitted by Terry v. Ohio, supra. Yet, the record before us indicates that Officer Kinard merely observed a movement by the appellant around the back seat armrest and immediately reached under the armrest (and only the armrest) in an attempt to discover weapons. Even though no weapon was discovered, it is the reasonableness of the officer's belief that governs and not the actual existence of the weapon. (Webster v. State, Fla.App. 4th 1967, 201 So.2d 789) The record, therefore, supports the trial court's denial of the motion to suppress.
Appellant next contends that the evidence is insufficient to sustain a conviction. We initially note that it is axiomatic that an appellate court is not to substitute its judgment for that of a jury on a question of fact. (Sealey v. State, Sup.Ct.Fla. 1950, 46 So.2d 894) Our review of the record has indicated that the jury verdict is supportable by the record.
Finally, appellant submits that the trial court erred in not granting appellant's motion for a continuance. The motion for a continuance was based on the inability of appellant's counsel to locate appellant's co-defendant Ms. Brown, in order to take her deposition before trial. At the outset, we note that the motion does not comply with Rule 3.190(g)(4), RCrP, in that the motion is barren of any certificate of good faith. Moreover, the motion does not even state what the witness would have testified to if and when she could have been subpoenaed to come to court. Inasmuch *497 as the granting of a motion for continuance lies within the sound discretion of the trial court (Acree v. State, 1943, 153 Fla. 561, 15 So.2d 262) we are not prepared to hold that, on the basis of the record before us, the trial court abused its discretion.
We have carefully considered the other points raised by appellant and have found them to be without merit. Accordingly, the judgment and sentence of the lower court is affirmed.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.