356 So.2d 45 (1978)
Donald Gene MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1768.
District Court of Appeal of Florida, Second District.
March 8, 1978.
Rehearing Denied April 5, 1978.
Jack O. Johnson, Public Defender, and Susan G. Sexton, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
This is an appeal from the denial of a motion to suppress evidence. We agree with appellant that the seizure of marijuana from his person was illegal and reverse.
*46 At the hearing on the motion, Officer Byrd testified that at about 10:45 one evening he and another officer spotted appellant and two companions standing in the middle of a dark alley in the business district of Frostproof. The officers stopped the two and following standard procedure frisked them.
As Officer Byrd patted appellant's pockets he felt a lump approximately five inches long by three inches wide. Thereupon, he reached into appellant's pocket and pulled out a plastic bag of marijuana. He testified that he never thought the lump was a weapon but that he believed it was a plastic bag which probably contained marijuana.
After hearing the officer's testimony and argument of counsel, the trial court denied the motion to suppress the bag of marijuana. We believe he erred in so doing. While we have some question about the right of the officers to stop appellant in the first place, we will assume for the purposes of this opinion that the stop was proper because there is another more compelling reason for finding the seizure to be improper.
Section 901.151, Florida Statutes (1975) is based on the holding in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and lays out the procedure by which police officers may stop and frisk people suspected of wrongdoing. Under that statute, if the officer has properly stopped someone and believes that the person may be armed with a dangerous weapon, "he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon."
Our reading of the Terry decision and cases from other jurisdictions which have interpreted Terry leads us to believe that the language we have quoted means that an officer in a stop and frisk situation may not extend his search beyond a pat down of a suspect's outer clothing unless that pat down or other circumstances leads the officer to conclude that the suspect has a weapon on his person. State v. Handspike, 142 Ga. App. 104, 235 S.E.2d 568 (1977); People v. Collins, 1 Cal.3d 658, 83 Cal. Rptr. 179, 463 P.2d 403 (1970); People v. Mosher, 1 Cal.3d 379, 82 Cal. Rptr. 379, 461 P.2d 659 (1969). Clearly then, since Officer Byrd knew the lump in appellant's pocket was not a weapon he could not legally reach into the pocket and pull out the plastic bag.
In view of what we have said we vacate the judgment and order placing appellant on probation, and reverse the order denying appellant's motion to suppress and remand the case for proceedings consistent with this opinion.
BOARDMAN, C.J., and GRIMES, J., concur.