374 So.2d 1122 (1979)
James C. FRALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1279.
District Court of Appeal of Florida, Fourth District.
September 12, 1979.
*1123 James R. Rich of Christiansen, Jacknin & Myers, Palm Beach, for appellant.
David H. Bludworth, State's Atty. and James T. Connolly, Asst. State's Atty., West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal from the denial of a motion to suppress evidence. Upon denial of his motion, appellant entered a plea of nolo contendere, reserving his right to appeal that ruling. He contends the seizure of a small cellophane bag of cocaine from his left front pocket, obtained during a "stop and frisk" search, was illegal. We agree and reverse.
During the early morning hours of January 11, 1978, several narcotics related arrests were consummated at or near a residence in West Palm Beach, Florida. At 3:07 A.M., appellant approached the residence and was met "at the front" by a lone police officer who had been stationed there to insure that no one entered the residence while a search warrant was being obtained by other officers. After identifying himself, the officer commenced a frisk of appellant pursuant to the provisions of Section 901.151 Florida Statutes (1977). After patting down the appellant in a limited, protective search of appellant's outer clothing, the officer reached into appellant's left front pocket and removed a small cellophane packet containing a quantity of cocaine. The officer testified that the pat down search revealed no bulges or hard objects in appellant's pockets. Notwithstanding this information, the officer proceeded to first reach into appellant's right front pocket and then into his left front pocket from which he obtained the cocaine.
Assuming, without deciding, that the totality of the circumstances justified the officer's temporary detention of appellant and the limited, protective search of appellant's outer clothing, such a search may not extend beyond a pat down of the outer clothing, unless the pat down or other circumstances lead the officer to conclude that a subject has a weapon on his person. Meeks v. State, 356 So.2d 45 (Fla. 2nd DCA 1978) cert. den. 364 So.2d 892 (Fla. 1978). The scope of a search must be strictly tied to, and justified by, the circumstances which rendered its initiation permissible. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The scope of the search of appellant was unreasonable because, prior to the intrusion into appellant's pockets, the officer's pat down had not disclosed evidence which would have reasonably supported a belief that appellant was carrying a weapon. See People v. Collins, 1 Cal.3d 658, 83 Cal. Rptr. 179, 463 P.2d 403 (1970). Accordingly, even if the pat down was justified at its inception, the search became impermissible in its scope when the officer reached into appellant's pocket.
The trial court's denial of the motion to suppress is reversed and this cause is remanded with instructions to discharge the appellant.
Reversed and Remanded.
DOWNEY, C.J., and LETTS, J., concur.