382 So.2d 727 (1980)
Roy Leonard DUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1545.
District Court of Appeal of Florida, Second District.
March 14, 1980.
Rehearing Denied April 23, 1980.
*728 Jack O. Johnson, Public Defender, Bartow, and Thomas J. Sherwood, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Appellant pled nolo contendere to a charge of possession of marijuana, reserving the right to appeal the denial of his motion to suppress.
Undercover police officers purchased a baggie of marijuana from Harold Bailey in the living room of a mobile home. Appellant, who was a companion of Bailey, was in the living room when the purchase took place but did not participate in the transaction. As soon as the officers made the purchase, they placed Bailey under arrest, and one of them searched appellant. In the course of the search, the officer felt a cylindrical object in appellant's right front shirt pocket. He suspected that the object was marijuana and had no apprehension that it was a weapon. He removed the object, and, his suspicions being confirmed, placed appellant under arrest.
We reject appellant's first argument that the officers had no right to search him for any purpose. There was ample basis under the stop and frisk law, Section 901.151, Florida Statutes (1979), for the officers to conduct a limited search to determine whether appellant was carrying a weapon. Appellant was obviously associated with Bailey and knew the drug transaction had taken place. Moreover, the officers had already ascertained that Bailey had a gun. Under the circumstances, the officers had a right to be concerned over whether appellant might seek to come to Bailey's assistance. On the other hand, not even the state suggests that the officer had probable cause to arrest appellant prior to the time he actually removed the marijuana from appellants' possession.[1] The question then is whether the officer, upon encountering an object during the course of his weapon search which he suspected to be marijuana, had the right to seize it even though he had no apprehension that it might be a weapon.
Less than two years ago our court faced the same issue on essentially the same facts in Meeks v. State, 356 So.2d 45 (Fla.2d DCA 1978). In Meeks we pointed out that the legislature predicated the stop and frisk statute on the holding of the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which outlined the circumstances under which law enforcement officers could detain suspects and search them for weapons when there was no probable cause for arrest. In quashing the search in Meeks, we said:

*729 Our reading of the Terry decision and cases from other jurisdictions which have interpreted Terry leads us to believe that the language we have quoted [Section 901.151(5)] means that an officer in a stop and frisk situation may not extend his search beyond a pat down of a suspect's outer clothing unless that pat down or other circumstances leads the officer to conclude that the suspect has a weapon on his person. State v. Handspike, 142 Ga. App. 104, 235 S.E.2d 568 (1977); People v. Collins, 1 Cal.3d 658, 83 Cal. Rptr. 179, 463 P.2d 403 (1970); People v. Mosher, 1 Cal.3d 379, 82 Cal. Rptr. 379, 461 P.2d 659 (1969). Clearly then, since Officer Byrd knew the lump in appellant's pocket was not a weapon he could not legally reach into the pocket and pull out the plastic bag.
356 So.2d at 46. In Fraley v. State, 374 So.2d 1122 (Fla. 4th DCA 1979), the Fourth District Court of Appeal followed our lead by reaching the same conclusion.
Regardless of these decisions, we have chosen to revisit the issue raised by this case because a legitimate argument can be made that when a policeman encounters contraband during a legal stop and frisk he should be able to seize it and make an arrest on the premise that he has become aware that the suspect is committing the crime of possession of contraband in his presence. Moreover, we note that Section 901.151(5), which outlines the circumstances under which an officer may make a search for weapons, concludes with the statement that if "such a search discloses such a weapon or any evidence of a criminal offense it may be seized." (Emphasis added.) Therefore, we have conducted further research to try to make certain that we reach the correct result.
Despite our efforts, we have found no case in the United States which has upheld a search and seizure under circumstances similar to this. At the same time, we have found several more cases which reached the same conclusion that we arrived at in Meeks. Tinney v. Wilson, 408 F.2d 912 (9th Cir.1969); People v. Taylor. 8 Cal.3d 174, 104 Cal. Rptr. 350, 501 P.2d 918 (1972); People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970); People v. Dixon, 14 Ill. App.3d 521, 302 N.E.2d 709 (1973); State v. Sears, 39 Ohio Misc. 65, 315 N.E.2d 855 (Piqua Mun. Ct. 1973). The rationale of most if not all of these cases seems to be that the stop and frisk authorized by Terry v. Ohio is an exception to the ordinary constitutional principles on search and seizure and as such is strictly limited by the language in Terry[2] which reads as follows:
We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him. Such a search is a reasonable search under the Fourth Amendment, and any weapons seized may properly be introduced in evidence against the person from whom they were taken.

392 U.S. at 30-31, 88 S.Ct. at 1884-85, 20 L.Ed.2d at 911 (emphasis added).
Perhaps the unspoken reason for limiting searches and seizures to objects thought to be weapons is that any other rule would have the practical effect of allowing law enforcement officers to search for contraband with less than probable cause on the ostensible premise of looking for weapons. Be that as it may, we have decided to adhere to our decision in Meeks.
*730 This leaves us to consider the effect of the last sentence of Section 901.151(5). If this language exceeds the constitutional parameters established by the United States Supreme Court, we are obligated to strike it down as unconstitutional. However, we believe it can be construed in a manner which will preserve its validity. Thus, we hold that the last sentence of subsection (5) means only that if in the course of a legal stop and frisk, a law enforcement officer removes from a suspect's possession an object which he believes might be a weapon, but finds that instead of it being a weapon it is "evidence of a criminal offense," he may still seize it. The seizure of contraband or other evidence of a crime during a legal stop and frisk is permissible so long as the officer reasonably believes the object which he is acquiring might be a weapon. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Lyles v. State, 312 So.2d 495 (Fla. 1st DCA 1975); Williams v. State, 294 So.2d 37 (Fla. 3d DCA 1974).
Finally, we reject the state's argument that even if the search of appellant was invalid under the stop and frisk law, we should uphold it as a search of the immediate area incident to the arrest of Bailey. We do not believe that the search of the area within the immediate control of an arrested person, which cases such as Ackles v. State, 270 So.2d 39 (Fla. 4th DCA 1972), permit, includes the search of another person who happens to be standing nearby.
We vacate the judgment and the order placing appellant on probation and reverse the order denying the motion to suppress. We remand the case for such further proceedings as may be appropriate.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] If the officer "knew" the object was marijuana, as might have been the case if he could have seen the baggie before he removed it, then presumably he would have had probable cause to arrest appellant at that time and make a lawful search incident to the arrest. See People v. Hawxhurst, 264 Cal. App.2d 398, 70 Cal. Rptr. 253 (1968).
[2] The case of Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), decided by the United States Supreme Court at the same time as Terry lends support to this construction, though that case is distinguishable on the facts.