404 So.2d 1163 (1981)
John E. RALEIGH, Appellant,
v.
STATE of Florida, Appellee.
No. 81-182.
District Court of Appeal of Florida, Second District.
October 21, 1981.
Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant pled nolo contendere to charges involving possession of marijuana and diazepam, specifically reserving the right to appeal the denial of his motion to suppress. Appellant contends that the police officer *1164 exceeded the permissible scope of a pat-down or frisk incident to an investigatory stop. We agree and reverse.
A Clearwater police officer was dispatched to the Mai Tai Lounge at approximately 1:00 a.m. to investigate a reported disturbance. Upon arrival, the officer was instructed by a security guard that two males wearing blue jeans had been fighting across the street in the Pier 60 parking lot. The guard did not know if weapons were involved and was not sure where the two had gone while she was inside telephoning the police. The police officer drove through the Pier 60 parking lot and observed two men who fit the general description. As the officer approached in his vehicle, appellant quickly turned, lifted the front of his shirttail, and made a shoving motion down the front of his trousers. After ordering them to stop, the police officer began a pat-down search for weapons. The officer reached into the waistband area of appellant's pants where he felt a plastic bag. He suspected that the plastic bag contained contraband and had no apprehension that it was a weapon. He removed the bag and, his suspicions being confirmed, placed appellant under arrest.
Appellant first contends that the officer was not justified in stopping him. Appellant correctly notes that under our "stop and frisk" law a law enforcement officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime before he may lawfully detain such person. § 901.151, Fla. Stat. (1979); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). "A `founded suspicion' is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge." State v. Stevens at 1245. Sub judice we believe a "founded suspicion" can easily be gleaned from the above facts. Appellant fit the general description, was in the area of the disturbance and made a furtive motion as he was approached by the officer. Thus the stop was proper.
Appellant next contends that the officer exceeded the permissible scope of a frisk or pat-down incident to an investigatory stop. Appellant argues that the police officer exceeded the permissible scope of a pat-down by reaching into his waistband to remove an object which he knew to be contraband and not a weapon. We agree.
A frisk or pat-down incident to an investigatory stop may be conducted, but only where a law enforcement officer has a reasonable belief that the person detained is armed with a dangerous weapon and offers a threat to the officer or another person. State v. Webb, 398 So.2d 820 (Fla. 1981). Furthermore, any such frisk of a detainee conducted after a stop is limited in scope and is permissible only to the extent necessary to disclose the presence of a weapon. § 901.151(5), Fla. Stat. (1979). This statute is our state's codification of the holding in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Supreme Court in Terry carved out an exception to the ordinary constitutional principles of search and seizure by providing as follows:
He is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such person in an attempt to discover weapons which might be used to assault him. Such a search is a reasonable search under the Fourth Amendment, and any weapons seized may properly be introduced in evidence against the person from whom they were taken.
392 U.S. at 30-31, 88 S.Ct. at 1884-85, 20 L.Ed.2d at 911 (Emphasis added).
The facts of the case sub judice indicate that the police officer exceeded the permissible scope of the search. Instead of conducting a carefully limited search of the outer clothing for weapons, the police officer went into the waistband area to determine what had been concealed by the furtive motion. The officer candidly testified that, once he felt the plastic bag, he suspected contraband and had no apprehension that it was a weapon. The contraband was then seized and appellant placed under arrest.
*1165 The state next argues that the seizure was proper under section 901.151(5) which concludes with the statement that if "such a search discloses such a weapon or any evidence of a criminal offense, it may be seized." (Emphasis added.) In Dunn v. State, 382 So.2d 727 (Fla.2d DCA 1980), Judge Grimes felt this last sentence bordered on the unconstitutional and, in an effort to preserve its validity, gave subsection (5) the following construction:
Thus, we hold that the last sentence of subsection (5) means only that if in the course of a legal stop and frisk, a law enforcement officer removes from a suspect's possession an object which he believes might be a weapon, but finds that instead of it being a weapon it is `evidence of a criminal offense,' he may still seize it. The seizure of contraband or other evidence of a crime during a legal stop and frisk is permissible so long as the officer reasonably believes the object which he is acquiring might be a weapon.
382 So.2d at 730. We note that since the Dunn opinion, the State of Washington in State v. Broadnax, 25 Wash. App. 704, 612 P.2d 391 (1980), has held such a search and seizure proper. We choose not to follow State v. Broadnax and reiterate our holding in Dunn. Accordingly, since the police officer had no apprehension that the object he found in the waistband was a weapon, we hold that the seizure of the narcotics was improper.
We vacate the judgment, reverse the order denying the motion to suppress, and remand the case for further proceedings not inconsistent with this opinion.
SCHEB, C.J., and GRIMES, J., concur.