CAMPBELL, Judge.
Appellant was charged by information with armed robbery. He filed a motion to suppress evidence (a nylon stocking and pistol) seized from him. The motion was denied. Thereafter, he entered a plea of no contest to the charge, specifically reserving his right to appeal the denial of his motion to suppress. It was stipulated that the issue on the motion to suppress was disposi-tive. Appellant asserts the trial court erred in denying the motion to suppress. We agree and reverse.
An employee of a convenience store testified at the motion to suppress hearing that he was robbed by two men wearing stocking masks. In particular, his description of one man was a tall man who wore blue jeans. Due to the mask he did not see the color of his hair nor did he see a car. A clerk of another convenience store in the area called the Sarasota County Sheriff’s Department to state that two men had purchased panty hose from him approximately two and one-half hours before the robbery. That employee described one man as tall with bushy brown hair, wearing blue jeans with a short sleeve blue shirt. He said that they drove away in a dark sedan. The arresting deputy states that the neighboring Venice Police Department reported the second call to him and their description of the car was an “older brownish colored Plymouth.” Later the same night he saw a man pumping gas next to a “maroon colored Plymouth” at a store four miles from the robbery. The man was wearing a black shirt and dark pants. There was another man in the car that the officer could not see clearly.
*652 It is questionable whether the stop of appellant was constitutionally permissible under section 901.151, Florida Statutes (1981), the “stop and frisk law.” Neither appellant’s clothing nor his car fit the description given the officer. Still the officer followed and stopped appellant and his companion after appellant finished pumping gas. The deputy began a protective search without appellant’s consent. While searching for a weapon, he noticed a bulge in appellant’s shirt pocket. The deputy’s testimony is clear that as soon as he felt the bulge he knew the object was not a weapon. Nevertheless, he pulled the object out of appellant’s shirt pocket and found it to be a nylon stocking. He then placed appellant and his companion under arrest. The officers who arrived later searched the car and found a pistol.
Regardless of whether the officer had a reasonable suspicion to justify the stop of appellant it was not permissible for him to seize the stocking after he knew it was not a weapon. At the hearing, the officer admitted that his seizure of the stocking from appellant’s person was not for his protection. Such a seizure is not permissible when the officer does not reasonably believe that what he is finding is a weapon. Dunn v. State, 382 So.2d 727 (Fla.2d DCA 1980); Harris v. State, 352 So.2d 1269 (Fla.2d DCA 1977).
Since the arrest of appellant based on the illegal seizure of the stocking was invalid so also was the resulting search of the automobile. The pistol found in the car was obtained as a result of an illegal search and as “fruit of the poisonous tree” is also inadmissible. Stanley v. State, 327 So.2d 243 (Fla.2d DCA 1976).
The judgment and sentence are reversed and the case is remanded for further proceedings consistent with this opinion.
RYDER, A. C. J., and DANAHY, J., concur.