418 So.2d 1219 (1982)
Charles Edward BALDWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2018.
District Court of Appeal of Florida, Second District.
September 3, 1982.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
CURTIS, CLINTON A., Associate Judge.
This is an appeal from the denial of a motion to suppress evidence. The issue before us is whether the police officer exceeded the permissible scope of a pat-down or frisk incident to an investigatory stop where a wallet was seized from defendant's person. We agree with defendant that seizure of the wallet was illegal and reverse.
Officer Ronald Heck testified that pursuant to investigating a strong-arm robbery, he stopped defendant and another man and asked them for identification. The other man produced identification, but defendant said he had none, although he gave his name. The officer then patted down both men for weapons. Officer Heck felt a bulge, consistent with a wallet, in defendant's back pocket. The bulge turned out to be the victim's wallet, and the wallet was *1220 seized. The officer admitted that when he felt the bulge, he knew it was a wallet. He had no apprehensions that the bulge in defendant's pocket was a weapon.
Section 901.151, Florida Statutes (1981), sets out the procedure by which police officers may stop and frisk people suspected of wrongdoing. Under that statute, if the officer has properly stopped someone and believes that the person may be armed with a dangerous weapon, he may search that person to the extent necessary to disclose the presence of such weapon. However, the search may not be extended beyond a pat-down of the suspect's outer clothing unless that pat-down or other circumstances leads the officer to conclude that the suspect has a weapon on his person. Meeks v. State, 356 So.2d 45 (Fla. 2d DCA 1978). In the instant case, although Officer Heck initiated the pat-down to disclose any weapons on defendant's person, he candidly admitted that he knew the bulge in defendant's pocket was not a weapon. Clearly then, since Officer Heck knew the bulge was not a weapon, he could not legally reach into defendant's pocket and pull out the wallet. Raleigh v. State, 404 So.2d 1163 (Fla. 2d DCA 1981); Meeks v. State.
Section 901.151(5) states that if "such a search discloses such a weapon or any evidence of a criminal offense, it may be seized." However, the seizure of contraband or other evidence of a crime during a legal stop and frisk is permissible only so long as the officer reasonably believes that the object which he is acquiring might be a weapon. Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980). Therefore, since the officer never considered the bulge to be a weapon, the seizure of the wallet did not conform with acceptable procedures.
We vacate the judgment, reverse the order denying the motion to suppress the wallet, and remand the case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DANAHY, A.C.J., and SCHOONOVER, J., concur.