458 So.2d 1150 (1984)
John L. WHITE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AY-134.
District Court of Appeal of Florida, First District.
November 1, 1984.
Rehearing Denied November 30, 1984.
*1151 Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
John L. White, Jr. appeals his conviction for possession of marijuana and cocaine. He pled nolo contendere while reserving his right to appeal the denial of his motion to suppress evidence.
The issues presented in this appeal are whether the trial court erred in denying the motion to suppress on grounds that the officer had probable cause to arrest White for loitering or prowling and whether the search was permissible and the evidence admissible on other grounds.
On September 6, 1983, Officer Frank Munday of the Jacksonville Sheriff's Office was on patrol at approximately 1 a.m. when he observed a vehicle parked at the side of the Northside Jacksonville Health Clinic, which is apparently adjacent to a school where there had been several burglaries. Munday shined his bright lights and his spotlight on the car and did not see anyone inside it. He approached the vehicle and found the defendant soundly asleep in the driver's seat, which was fully reclined. The officer recognized the defendant but had no information that he was armed or dangerous. Munday approached the car and identified himself as police, but White remained asleep. The officer concluded that the suspect was either intoxicated or sick, and shook him and asked if he needed assistance. White woke up and answered negatively. Munday asked him to exit the auto and to produce some identification. White agreed to produce the identification, but never did. Rather, he insisted on going home and became verbally "very abusive and very defensive". At the hearing (but not in an earlier deposition) Munday stated that he then suspected that White was waiting for someone who was engaged in criminal activity in the back of the building. Munday felt he had grounds to arrest White for prowling at this time.
The officer got White out of the car and got him to place his hands on the car for a pat down. White pushed back and Munday had to use some force to accomplish the pat down. Munday felt something in White's front pants pocket and reached in and found a folded small manila envelope. He squeezed the envelope so he could observe the contents and concluded that it was marijuana. Officer Munday's testimony regarding his impression of the contents of the pocket was equivocal. He said he did not know what it could have been, but that it possibly could have been a knife or a gun. He admitted, however, that he knew it was not metal or wood. On cross-examination, he stated that he thought it might be powder that could be thrown in his eyes or plastic explosives. He admitted that he had never arrested anyone in possession of plastic explosives.
At this point, appellant was arrested and placed in the patrol car. When asked, he told the officer that he wished to leave his *1152 car at the scene but asked that his checkbook and shoulder bag, which were in the front seat, be placed in the trunk. Munday got the articles and, using the keys which had been left in the ignition, opened the trunk. He there observed a water pipe protruding from a large paper bag. He opened the bag and found other bags containing drug paraphernalia and cocaine. White was arrested for possession of marijuana, cocaine and drug paraphernalia. The latter charge was later dropped. Defendant moved to suppress the evidence; the motion was denied on grounds that Munday had probable cause to arrest White for violation of section 856.021, Florida Statutes (1983) and the search was subsequent to the arrest.
We reverse the trial court's denial of the motion to suppress. Officer Munday did not have probable cause to arrest for prowling or loitering and there were no other grounds to conduct a full search. Even if a stop and pat down pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), were permissible, the officer did not have a reasonable belief that the object in appellant's pocket was a weapon.
White's conduct cannot possibly be construed to be that prohibited by section 856.021. It must be remembered that White was prone in a fully reclined driver's seat and was in a very deep sleep. This is simply not a situation where "peace and order are threatened or where the safety of persons or property is jeopardized." State v. Ecker, 311 So.2d 104, 109 (Fla.), cert. denied sub nom. Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). Officer Munday's statement at hearing that he was concerned that appellant was the look-out for a burglar is patently absurd. Rather, it looks more like a rationalization constructed after deposition and before hearing when the officer realized the arrest may not have been for probable cause.
The officer's testimony that he thought the object in appellant's pocket was a weapon is far-fetched. He carefully avoided saying that he knew it was not a weapon, but he admitted it was soft and not metal or wood. His "plastic explosives" theory is incredible given the circumstances; it defies reason to suspect the defendant was a potential terrorist. While Officer Munday did say he had powder thrown in his face previously, if this explanation is permitted, nearly anything found in a pat down will become admissible. This flies in the face of the Supreme Court's opinion in Terry v. Ohio, supra, as well as Florida precedent. See Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982); Meeks v. State, 356 So.2d 45 (Fla. 2d DCA), cert. denied, 364 So.2d 892 (Fla. 1978); and Harris v. State, 352 So.2d 1269 (Fla. 2d DCA 1977).
There being no other grounds for the search of appellant's person and vehicle, the evidence was improperly seized and the motion to suppress should have been granted.
The decision of the trial court is REVERSED.
JOANOS and WIGGINTON, JJ., concur.