SCHWARTZ, Chief Judge.
The search of the defendant’s handbag which yielded narcotics cannot be sustained under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as the state argues, because the officers in question unjustifiably went into the purse without first conducting a prior external pat-down for weapons, which is required (and would have revealed that she was not carrying a firearm as the police supposedly feared). J.R.H. v. State, 428 So.2d 786 (Fla. 2d DCA 1983); Jamison v. State, 455 So.2d 1112 (Fla. 4th DCA 1984); Fraley v. State, 374 So.2d 1122 (Fla. 4th DCA 1979); sec. 901.-151(5), Fla.Stat. (1983); see Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982); Blackburn v. State, 414 So.2d 651 (Fla. 2d DCA 1982); Raleigh v. State, 404 So.2d 1163 (Fla. 2d DCA 1981); M.A.P. v. State, 403 So.2d 1384 (Fla. 2d DCA 1981); Meeks v. State, 356 So.2d 45 (Fla. 2d DCA 1978), cert. denied, 364 So.2d 892 (Fla.1978). This determination makes it unnecessary to treat any of the other deficiencies in the search found by the trial court in entering the order of suppression under review.
Affirmed.