# STATE OF FLORIDA v WILSON
## Case No. 85-375 CF
Seventeenth Judicial Circuit, Broward County
July 1, 1985

## APPEARANCES OF COUNSEL
**S. Halpern** for defendant.
**R. D'Anna** for plaintiff.

## OPINION OF THE COURT
J. LEONARD FLEET, Circuit Judge.

On January 11, 1985, at approximately 8:30 A.M., Defendant Terry Alonzo Wilson was observed by Hollywood Police Officer Vrancik to be walking slowly in the vicinity of the intersection of Dewey Street and Federal Highway. The Defendant was wearing a long overcoat which, in the opinion of Officer Vrancik, was not unusual but was not necessary given the nature of the weather at the time. Because he felt

the accused met the general description of an individual described to him as being a burglary suspect working in the same general area, Officer Vrancik elected to make contact with the accused.

Upon stopping the defendant and inquiring as to his name, Officer Vrancik became concerned as to the physical reaction of the defendant when informed that the officer desired some form of identification concerning the accuracy of the name given (which was the correct name of the accused). Because Officer Vrancik noticed that the Defendant's eyes began to roll and the veins on his neck began to stand out, and because the Defendant exhibited other signs of extreme anxiety not clearly stated in the record, Officer Vrancik conducted a pat down search to ascertain whether the accused was carrying any type of weapon. The pat down revealed only a lump in the rear pocket of the accused, but the lump did not make a configuration suggestive of a weapon.

Still desirous of seeing some type of documentation that would confirm the accuracy of the name given him by the accused, Officer Vrancik suggested that the accused remove his wallet from his rear pocket and show whether the contents thereof would furnish the desired documentation. The accused insisted that the lump was his money, not a wallet. A short discussion ensued thereafter during the course of which Officer Vrancik questioned the accused as to the truth of his statement that the lump was not a wallet.

The entire confrontation between the accused and Officer Vrancik occurred in the open on the sidewalk. At no time did Office Vrancik place his hands upon the accused so as to physically restrain the accused, but his conversation, in the opinion of the Court, clearly conveyed the message that the accused would not be permitted to leave until the officer was satisfied as to the identification.

Apparently as an act of exasperation, the accused removed the contents of his rear pocket and displayed his money to Officer Vrancik. When the money was observed, the Officer observed the presence of a plastic baggie containing what the officer believed to be cocaine. The accused was arrested for the crime of possession of cocaine as a result of which the present Motion to Suppress is pending before the Court.

The State and the accused agree that the crucial question to be resolved by the Court is whether the production of the money wherein the cocaine was observed was a voluntary act by the accused or a compelled act imposed upon the accused by Officer Vrancik without justification in law. Both sides to this controversy also agree that the resolution of the motion to suppress is dispositive of the case.

14

The Court is satisfied that the initial contact between the accused and Officer Vrancik was not a violation of the law. The accused met the general description of a burglary suspect and the accused demonstrated general characteristics that were significant to an experienced law enforcement officer. We are taught by *Whitely v. Warden*, 401 U.S., 560 (1971) that a policeman may stop and temporarily detain one whom the officer has reasonable cause to believe is wanted for a completed crime. In *State v. Walden*, 10 FLW 626 (Fla. 5th DCA 3/7/85) the contact between the defendant and a law enforcement officer under circumstances much like the ones now before the court, the contact was deemed to be a mere street encounter and when the accused opened his duffle bag in response to the officer's query as to its contents, the examination of the interior of the duffle bag was determined to be pursuant to voluntary consent given by the accused therein.

Although the issue is close, the Court is satisfied that, given the circumstances under which he came in contact with the accused, including the information in reference to the burglary suspect and the reaction of the accused to the inquiry of the police officer, the pat down of the exterior surfaces of the clothing of the accused was not illegal. *Terry v. Ohio*, 88 S.Ct. 1868 (1968). Since the object discerned by the officer was soft and did not suggest the presence of any weapon, any further search of the body of the accused would have been illegal. *Id.*; *Raleigh v. State*, 404 So.2d 1163 (Fla. 2d DCA 1981).

Since 1975, it has been recognized in this state that, absent special circumstances, an individual is not obligated to furnish a law enforcement officer with identification. *Burgess v. State*, 313 So.2d 479 (Fla. 2d DCA 1975); the United States Supreme Court recognized the same principle in *Brown v. Texas*, 99 S.Ct. 2637 (1979). Since Florida, by Constitutional fiat, is bound to interpret the law of search and seizure in the same mode as the United States Supreme Court (Article I, Section 12, Fla. Con.), this Court finds itself in the position that it must enter a ruling that will permit an obviously guilty defendant to go free. Although such a ruling is distasteful to the court, we must never forget the pronouncement of the late Chief Justice John Marshall, in *McCulloch v. Maryland*, 4 Wheaton 316, 407 (1819), "We must never forget that it is the *constitution* we are expounding."

The foregoing considered, it is

ORDERED and ADJUDGED that the Motion to Suppress is Granted.