514 So.2d 1149 (1987)
John L. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-779.
District Court of Appeal of Florida, Second District.
November 6, 1987.
*1150 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
John L. Walker appeals an order of the trial court denying his motion to suppress evidence. Walker pled nolo contendere to possession of cocaine and possession of drug paraphernalia, reserving his right to appeal the court's order. We find the trial court erred in denying the motion to suppress because the initial stop and the subsequent search violated the Stop and Frisk Law, section 901.151, Florida Statutes (1985).
In the early evening of October 17, 1986, two St. Petersburg police detectives were working in south St. Petersburg near several cottages where numerous drug arrests had previously been made. The officers were walking between the cottages trying to catch someone in the process of dealing drugs. Although one of the officers referred to it as a high crime area, they were not responding to any reports of recent criminal activity.
One of the officers approached Walker, who was on the front porch of a residence, and saw him make a quick movement "as if to conceal something" behind his right hip. The officer ordered Walker to produce what he had in his hand, and when Walker did not immediately comply, he pulled his gun and again ordered him to do so. When Walker still did not reveal the object, the officer frisked him and, feeling a hard object in Walker's back pocket, pulled out a smoking pipe. Although he articulated no reason other than past experience with others to believe Walker was armed, the officer later testified that he had feared for his life, believing Walker "probably had a weapon." He also testified, however, that he knew the object in Walker's back pocket was a pipe and not a gun before he seized it. The detectives then arrested Walker for possession of drug paraphernalia. A subsequent search of Walker's pockets produced a piece of rock cocaine which Walker admitted was his.
Walker argues that the pipe, cocaine and statement made immediately after his arrest should have been suppressed. We agree. While a law enforcement officer may temporarily detain a person for investigation under circumstances reasonably indicating that the person has committed, is committing, or is about to commit a crime, § 901.151, Fla. Stat. (1985), the detention cannot be based upon mere suspicion of criminal activity. Coladonato v. State, 348 So.2d 326 (Fla. 1977); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983).
To justify temporary detention, the officer must have a "founded suspicion" based upon factual observations in light of his knowledge and experience. Mere suspicion, on the other hand, is no better than random selection, sheer guesswork or hunch. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Here the officer had no more than a mere suspicion when he commanded Walker to show what was in his hand. There was no testimony that Walker's presence on the porch of a residence was unusual in any way, and the fact that he was in a high crime area is not alone sufficient to conclude that he was engaged in, or about to engage in, criminal conduct. See Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). Nor do we find that Walker's quick movement to conceal something could create a "founded" suspicion. *1151 An officer who observes someone in a high crime area make such movement may have his suspicions aroused, but may not legally detain the person for further investigation. G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985); Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978).
Even were there reasonable suspicion to detain Walker, the officer exceeded the permissible scope of an investigatory pat-down. Where an officer has probable cause to believe that someone properly detained is armed with a dangerous weapon and presents a threat to his safety, the statute allows a search only to the extent necessary to disclose such a weapon. § 901.151(5), Fla. Stat. (1985). The search may not ordinarily go beyond a pat-down of the outer clothing. Meeks v. State, 356 So.2d 45 (Fla. 2d DCA 1978). Seizure of a weapon or other evidence of a criminal offense found during the search is permissible only if the officer reasonably believes that the object sought to be seized is a weapon. Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980). Here, the officer candidly admitted that he knew the object he felt in Walker's pocket was not a weapon. Clearly therefore, he could not legally reach into Walker's pocket. Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982); Raleigh v. State, 404 So.2d 1163 (Fla. 2d DCA 1981).
Although the officer also testified that the stem of the pipe was in plain view, we do not find that the pipe alone could constitute probable cause to arrest for possession of paraphernalia. Because pipes are used to smoke materials other than drugs, they are not contraband per se. There was no testimony that the officers noticed any odor or residue that suggested the pipe was used to smoke drugs. The rock cocaine found during the subsequent search of Walker supplied probable cause to believe the pipe was paraphernalia, but the seizure of the cocaine could not be justified as a search incident to arrest as there was no probable cause to arrest in the first place. A search may not be validated by what it produces. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The officer's only articulable reasons for the stop and search were that he was in a high crime area and saw Walker make a quick furtive movement. This court has expressly held these factors insufficient to justify temporary detention. G.J.P., 469 So.2d 826. Moreover, even had there been proper grounds to detain Walker and search him for weapons, the officer knew before seizing the pipe that it was not a weapon. He thus exceeded the permissible scope of such a search as outlined in section 901.151.
Accordingly, we reverse and remand with instructions to discharge Walker on these offenses.
SCHEB, A.C.J., and CAMPBELL, J., concur.