ORDER RELINQUISHING JURISDICTION
DANIEL S. PEARSON, Judge.
The defendant was convicted of possession of cocaine upon his plea of nolo conten-dere, specifically reserving the right to appeal the denial of his motion to suppress. The correctness vel non of the trial court’s ruling on the motion turns on whether the defendant, having been the object of a lawful investigatory stop, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), was ordered by Officer Dieppa to open his closed fist, not out of any concern that the defendant was armed or posed any threat to Dieppa’s safety, but rather because of the officer’s hunch that the defendant’s fist contained cocaine; or, as the court could have found,[1] the defendant voluntarily opened his fist and dropped the cocaine while his body was being patted down for weapons by Dieppa. Uniquely, the defendant’s contention is fully supported by the testimony of Officer Dieppa, a witness for the defendant at the suppression hearing, while the other, quite different scenario is fully supported by the testimony of Officer Hyde, who stated that he was three feet from the defendant and Dieppa, heard no command from Dieppa to the defendant, saw Dieppa patting down the defendant’s body (which Dieppa denied), and saw the defendant drop the cocaine from his closed fist during the pat down. _
Because the denial of suppression would be correct only if Hyde’s version were accepted by the fact-finder, see Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Jamison v. State, 455 So.2d 1112 (Fla. 4th DCA 1984); Baldwin v. State, 418 So.2d 1219 (Fla.2d DCA 1982); Blackburn v. State, 414 So.2d 651 (Fla.2d DCA 1982); Raleigh v. State, 404 So.2d 1163 (Fla.2d DCA 1981); M.A.P. v. State, 403 So.2d 1384 (Fla.2d DCA 1981); Neely v. *1062 State, 402 So.2d 477 (Fla.2d DCA 1981), and because we have serious doubts that Hyde’s version was so accepted,[2] we relinquish jurisdiction to the trial court with directions that it enter written findings of fact and conclusions of law to be filed with this court within thirty (30) days.
Jurisdiction relinquished.

. The State’s contention in the trial court and here is that the officer could have lawfully ordered the defendant to open his fist because there was probable cause to arrest the defendant and thus the search was lawful as incident thereto. The contention that there was probable cause has absolutely no factual support in the record.

. When announcing its ruling, the court mused: “And the fact that the officer told him to open up his hand and something dropped out on the ground does not in any way jeopardize this stop, nor the seizure of the evidence, nor the arrest of the defendant."