547 So.2d 324 (1989)
Ethingor Wilzo WARREN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-2359, 88-2360.
District Court of Appeal of Florida, Fifth District.
August 10, 1989.
*325 James B. Gibson, Public Defender and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
By this consolidated action, Warren appeals from his conviction for possession of a controlled substance and the revocation of his probation which was based on such possession. He asserts the trial court erred in denying his motion to suppress. We agree and reverse on the following briefly stated analysis.
Even assuming, without deciding, that the circumstances provided the Sanford police officer with a founded suspicion to stop Warren, this only gave the officer the right to conduct a limited weapons search. See Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984). Instead, the record establishes that upon stopping Warren the officer searched his shirt pockets and discovered two loose pieces of crack cocaine, one in each pocket.[1] The officer never asserted that he believed Warren was carrying a weapon, and it would have been unreasonable to believe that these small objects were weapons. The officer exceeded the permissible scope of a weapons search when he seized these items. See, e.g., Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989).[2] The motion to suppress should have been granted and accordingly Warren's possession conviction must be reversed.
Likewise, the revocation of probation, which was predicated on the possession offense must be vacated since it was based solely on the illegal seizure. See State v. Cross, 487 So.2d 1056 (Fla. 1986) (illegally seized evidence is inadmissible in probation revocation proceeding).
Conviction and Revocation of Probation REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] The prosecutor below referred to "these little pieces of crack."
[2] The State's effort to sustain the seizure based on a condition in Warren's probation that Warren was subject to search by any probation officer at any time is unavailing. This condition gives only a probation officer authority to search the probationer and is not a blanket grant of permission for warrantless searches and seizures to all law enforcement officers. See Grubbs v. State, 373 So.2d 905 (Fla. 1979); Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980); Smith v. State, 383 So.2d 991 (Fla. 5th DCA 1980); Wood v. State, 378 So.2d 110 (Fla. 5th DCA 1980).