ALTENBERND, Judge.
T.W.C. appeals his delinquency disposition following the denial of a dispositive motion to suppress. We reverse.
On January 11,1995, at approximately 6:30 p.m., two Pasco County deputy sheriffs stopped a car because it had an expired tag. T.W.C.’s mother was driving the car. T.W.C. and his sister were the only passengers. They all exited the ear and stood on the side of the road.
T.W.C., who was fourteen at the time, asked to go to the bathroom. One of the deputies escorted him to a drainage ditch adjacent to this rural road. T.W.C. was nervous and “fidgeting.” The deputy asked him whether he had “any knives, guns, drugs, bombs or any other contraband.” The teenager did not answer this question, but immediately reached into his left front pocket. The deputy grabbed T.W.C.’s hand and felt the exterior of the pocket. He felt a small wooden pipe, commonly used for smoking tobacco or marijuana. Although he did not believe there were any weapons in the pocket, the deputy reached in the pocket and removed the pipe. A drug test revealed that the pipe contained marijuana residue. As a result, the state filed a petition for delinquency based on T.W.C.’s possession of drug paraphernalia.
The deputy’s search of T.W.C.’s pocket and seizure of the pipe was not authorized under Terry,[1] nor was it permitted as a search incident to arrest. T.W.C. was not under arrest at the time of this search. The deputy did not have a reasonable suspicion that T.W.C. had committed or was committing an offense. Even if the deputy had a basis for a protective search, the search exceeded a pat-down of the outer clothing.
A wooden pipe is not defined as a tobacco product, and it is not illegal for a minor to possess a wooden pipe. See § 569.002(6) Fla.Stat. (Supp.1994). The deputy did not establish probable cause to believe that the pipe was drug paraphernalia until he seized it and examined it for marijuana residue. We cannot distinguish this case from Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987), in which this court suppressed a pipe seized during a temporary detention.
Reversed and remanded.
THREADGILL, C.J., and PATTERSON, J., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).