PER CURIAM.
J.B. appeals his delinquency disposition for possession of cocaine with intent to sell. He filed a motion to suppress, arguing that the cocaine was found pursuant to an illegal search of his person. We conclude that the trial court erred in denying J.B.’s motion to suppress, and we therefore reverse.
Police may stop an individual if there is a founded suspicion that the individual is involved in criminal activity. § 901.151, Fla. Stat. (1993); Walker v. State, 514 So.2d 1149 *1297 (Fla. 2d DCA 1987). In Walker, the defendant was on a porch in a high crime area. As an officer approached, the defendant made a quick movement as if to conceal something behind his right hip. The officer ordered the defendant to produce the object in his hand, and when the defendant did not comply, the officer frisked him. The officer felt a hard object in the pocket and pulled out a pipe. The officer testified that he feared for his life and believed that the defendant probably had a weapon.
In Walker, this court held that the defendant’s quick movement to conceal something did not create a founded suspicion of criminal activity. This court stated: “[a]n officer who observes someone in a high crime area make such movement may have his suspicions aroused, but may not legally detain the person for further investigation.” 514 So.2d at 1151. See Smith v. State, 592 So.2d 1239 (Fla. 2d DCA 1992).
In T.W.C. v. State, 666 So.2d 217 (Fla. 2d DCA 1995), the defendant was a passenger in a car that was stopped. He was nervous and fidgeting. When asked if he had any knives,, guns, drugs, bombs or other contraband, the defendant did not answer and immediately reached into his left front pocket. The deputy grabbed the defendant’s hand and felt the exterior of the pocket. This court reversed the denial of the motion to suppress, holding that the deputy did not have a reasonable suspicion that the defendant had committed or was committing a crime.
We conclude that J.B.’s actions did not create a founded suspicion of criminal activity justifying an investigative stop. Police received information from a confidential informant that a subject was in possession of a large amount of rock cocaine. The informant provided the location of the subject, a description of the subject, and the name of the subject. The informant did not mention any other subjects.
After receiving the tip, police observed the subject in the area described by the informant. This area was known for the sale of cocaine. J.B. was observed standing approximately ten feet away from the subject. However, there was no evidence that J.B. was involved in selling drugs, or that he was acquainted with the suspected drug dealer. See Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988) (holding that presence in a high crime area while talking to a suspected drug dealer does not raise a founded suspicion of criminal activity justifying a detention).
When the officers approached the area, a. detective observed J.B. put his hands in his pockets and step back. The detective then grabbed J.B.’s arm and patted down his pockets. The detective testified that he feared that J.B. had a weapon. He felt a Tic Tac package that sounded like it contained rock cocaine. There was no testimony that the detective noticed a bulge in J.B.’s pocket or that he requested J.B. to show his hands. We conclude that the stop and patdown of J.B. were improper because there was no evidence that he had committed, was committing or was about to commit a crime. See § 901.151, Fla. Stat. (1993). Consequently, the motion to suppress should have been granted.
Accordingly, we reverse the denial of his motion to suppress.
PATTERSON, AC.J., WHATLEY, J., and JOHN M. SCHEB, Senior Judge, concur.