727 So.2d 280 (1999)
Nathaniel COLE, III, a/k/a Anthony Cole, a/k/a Ricky Cole, a/k/a Nate, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02281.
District Court of Appeal of Florida, Second District.
February 10, 1999.
*281 Mark Wolfe, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Nathaniel Cole, III, appeals his convictions for possession of cocaine, possession of drug paraphernalia, and obstructing or opposing an officer without violence. He argues that the trial court erred in denying his motion to suppress. We agree with his argument that the officer exceeded the scope of a weapons patdown. Accordingly, we reverse.
At approximately 2:00 a.m., long after the filling station had closed, Officer DiMarco saw Cole "loitering" at a BP station in a high crime area. The station was posted no trespassing. Officer DiMarco approached Cole and asked if he would consent to a patdown for weapons. After Cole gave his consent, Officer DiMarco searched him and felt something in Cole's pocket that was generally the size and shape of a crack pipe. Based on this, the officer seized the object and arrested Cole. Cole subsequently entered a no contest plea to the charges, reserving his right to appeal the denial of his dispositive motion to suppress.
Cole argues that when the officer seized the pipe, the search exceeded the scope of a weapons patdown. We agree. "The seizure of contraband or other evidence of a crime during a legal stop and frisk is permissible so long as the officer reasonably believes the object which he is acquiring might be a weapon." Dunn v. State, 382 So.2d 727, 730 (Fla. 2d DCA 1980). Officer DiMarco never testified that he thought the item was a weapon. See Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989) (noting that officer exceeded scope of weapons patdown by seizing rock cocaine, which could not reasonably appear to be a weapon); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987) (same re: seizing pipe that officer knew was not a weapon).
The State asserts that the seizure was proper based on the plain feel doctrine established in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (holding that police may seize contraband during a lawful patdown if its illicit nature is "immediately apparent" because the seizure is then supported by probable cause). However, probable cause does not arise anytime an officer feels an object that the officer reasonably suspects to be contraband. See Doctor v. State, 596 So.2d 442, 444 (Fla.1992) (approving principle of Dunn that "during the course of a legitimate frisk for weapons, police may only seize weapons or objects which reasonably could be weapons despite the fact that the officer may reasonably suspect that the object may be evidence of a crime"). Officer DiMarco did not testify that it was immediately apparent to him that the object in Cole's pocket was contraband. Thus, we conclude that the evidence at the suppression hearing was not sufficient to justify the seizure of the pipe under the plain feel doctrine because the officer had no more than a mere suspicion as to the identity of the object.
Therefore, we reverse the convictions for possession of cocaine, possession of drug paraphernalia, and obstructing or opposing an officer without violence. We remand with instructions for the trial court to grant Cole's motion to suppress.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.