PER CURIAM.
The State (Appellant) appeals the trial court’s ruling granting the motion of Defendant (Appellee) to suppress physical evidence and testimony in connection with the prosecution of Appellee for various sex crimes. We reverse and remand for further proceedings.
On the evening of January 8, 1999, a Hallandale police officer was on routine patrol in his car when a Latin female approached and advised him that a white man in a dark-colored car had been following her. The woman allegedly told him at this time that a man in his mid to late twenties, driving a black sports car, had asked her if she wanted a ride. She declined. The young man later approached her in his car again, but this time he was naked. According to the woman, he offered her $2,000 to watch him masturbate. She reported the car had been traveling east on Hallandale Boulevard but had turned south. The officer told the woman to keep walking east along Hallandale Boulevard and that he would drive ahead of her and wait. He told her to signal him if she saw the man approach again. Within two minutes, the officer saw Appellee, a 66-year old man, in a blue, 1989 Chrysler coupe turn' east onto Hallandale Boulevard from N.W. 2nd Avenue. Appellee drove his car slowly past the girl without stopping and passed the officer’s car. The woman did not signal the officer. The officer followed driving his car behind Ap-pellee and then pulled into a Firestone tire store parking lot at the corner of Hallan-dale Boulevard and Dixie Highway. He did not stop Appellee’s vehicle. The officer parked his car and approached the passenger side of Appellee’s vehicle while it was stopped on Hallandale Boulevard at a red light. The passenger side window was down on Appellee’s car and the officer could see inside.
The officer testified at the suppression hearing that he observed a clear, plastic cup, about % full, containing an amber-colored liquid in the car’s cupholder. He asked Appellee about it and he allegedly told the officer it was beer. The officer also testified he observed an open photo album on the passenger seat containing photographs of under-aged, nude women. According to Appellee, the officer did not ask him about the contents of the cup and that he never admitted to having an open beer in his car. He also denied the photo album was on the passenger seat, claimed both front windows of the car were rolled down because the air-conditioning in his vehicle didn’t work and testified the officer walked up to his vehicle and ordered him to pull into the parking lot.
The open photo album on the passenger seat contained photographs of nude, un *1225 der-aged women. At the time of his detention, Appellee consented to a search of his vehicle and 65 photographs of nude women, many engaged in sexual conduct, were found in the trunk of his car. The officer recognized one of the women as a student or previous student at Hallandale High School. The photo album and photographs were confiscated. Two of the subjects in these pictures were subsequently identified as students at Hallandale High School. One student was seventeen and the other student had recently turned eighteen. The police interviewed both of the female students a short time after the photographs were confiscated.
The female students told the police that the photographs had been taken two years earlier in the fall of 1997 at a home in Miramar. The students were juveniles at that time. There were three photographs of each student engaged in sexual acts and more pictures of each student posing naked. Both students identified Appellee as the man who took the photographs in 1997 at his home. Appellee surrendered himself to the police shortly thereafter and was charged by information with four counts of employing, authorizing or inducing a sexual performance by a child and ten counts of possession of photographs depicting sexual conduct by a child.
Subsequent to his arrest, Appellee sought to suppress the photographs taken from his car and the testimony of the victims. The trial court granted his motion to suppress because it determined the police lacked reasonable, articulable suspicion to stop Appellee.
The State submits the officer had probable cause to stop Appellee because he observed what he believed to be an open beer and because the Appellee admitted it was beer. Appellee’s admission is disputed. However, assuming Appellee did not admit to having an open beer in his car, the officer nevertheless had reasonable suspicion to stop Appellee. At the suppression hearing, Appellee acknowledged he had a beer in a clear, lidless, plastic cup and that the cup was between him and the officer. The officer testified he observed an amber-colored fluid in a cup but couldn’t confirm it was beer at that time. Based on his observation, the officer had reasonable suspicion to detain Appellee, much the same way an officer finding a clear bag containing white powder might under suspicious circumstances have reason to investigate and detain an individual. Whether the officer actually knew it was beer at the time he stopped Appellee is not determinative of the officer’s right to do so. A police officer does not have to “know” that a certain item is contraband. He must only have probable cause to associate the property with criminal activity. State v. Neumann, 567 So.2d 950, 951 (Fla. 4th DCA 1990). In Neu-mann, we quoted the probable cause standard announced in Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983):
It merely requires that the facts available to the officer would ‘warrant a man of reasonable caution in the belief (citation omitted) that certain items may be contraband ... or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false. A ‘practical, nontechnical’ probability that incriminating evidence is involved is all that is required. (citation omitted).... ‘The process does not deal with hard certainties, but with probabilities.... Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.’
Id. at 952. The officer testified about his familiarity with beer in a variety of social and law enforcement situations. He recognized the drink as beer and was authorized to detain Appellee merely on this basis.
Because the stop was valid and Appellee consented to a search of his vehicle, the seizure of the photographs in open view *1226 and those in the trunk, as well as all other evidence ensuing from the stop, was lawful. Accordingly, we reverse the order of the circuit court and remand this case for further proceedings.
REVERSED AND REMANDED.
SHAHOOD, GROSS and TAYLOR, JJ., concur.