KLEIN, J.
The issue presented by this appeal is whether an officer who observes a driver drinking from a bottle in a brown paper bag has reasonable suspicion to conclude that the driver is operating a vehicle with an open container of an alcoholic beverage. We hold that he does.
Appellant was pulled over by a highway patrol officer after the officer observed appellant drink from a bottle contained in a brown paper bag. As a result of events occurring following the stop, appellant was charged with possession of cocaine, tampering with evidence, driving under the influence and resisting arrest without violence. Appellant moved to sup *616 press the evidence on the ground that it was seized as a result of an unlawful stop. The trial court denied the motion to suppress, and appellant, who entered a plea, appeals, arguing that the evidence should have been suppressed.
At the hearing on the motion to suppress the officer, who had classroom training on this subject and professional experience with drivers who consume alcohol, testified:
[Bjased on my experience if I see someone operating a vehicle and drinking from a paper bag the first, one of the first things that comes to my mind is that that’s the way alcohol is concealed, is sold in, I would say nine out of ten times, it’s sold in the store and it’s concealed in a paper bag and that’s usually how someone operating a vehicle would carry alcohol if they’re drinking it.
Appellant argues that what the officer observed in this case did not amount to a well-founded, articulable suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This was mere suspicion, appellant contends, which is not enough to support a stop. Popple v. State, 626 So.2d 185 (Fla.1993). Appellant appears to misunderstand the difference between well-founded suspicion and probable cause, as he argues that “there was an equal or greater likelihood that the bottle inside the bag was water or a soft drink.” That would not be the test here. Reasonable suspicion is a less demanding standard than probable cause. Ornelas v. United States, 517 U.S. 690, 693, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
The officer’s testimony supports the trial court’s finding of a reasonable, well-founded suspicion that appellant was drinking alcohol from an open container while driving. See State v. Hafer, 773 So.2d 1223 (Fla. 4th DCA 2000) (officer had reasonable suspicion to stop defendant driver after observing his possession of an amber-colored liquid which appeared to be beer in a lidless plastic cup). Affirmed.
DELL and STONE, JJ., concur.