807 So.2d 130 (2002)
Santos RODRIGUEZ, III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4654.
District Court of Appeal of Florida, Second District.
January 30, 2002.
*131 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann S. Weiner, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Santos Rodriguez was charged with possessing cocaine[1] that a Collier County deputy discovered in his pocket during a traffic stop. He moved to suppress the contraband, but the circuit court denied his motion. He thereafter pleaded no contest, reserving the right to appeal this dispositive issue. Even if we assume that the deputy had a valid reason to stop the car in which Rodriguez was traveling and had sufficient reasonable suspicion to conduct a patdown for weapons under Terry,[2] we must reverse. The evidence at the suppression hearing did not establish the deputy had probable cause to believe that Rodriguez was carrying contraband.
If, during a lawful patdown for weapons, the totality of the circumstances gives a police officer probable cause to believe the detainee is carrying drugs, the officer may seize them. Doctor v. State, 596 So.2d 442 (Fla.1992); see also Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (establishing the "plain feel doctrine," under which a police officer may seize contraband felt during a lawful patdown if its illicit nature is immediately identifiable). The State has the burden of proving that the officer had the requisite probable cause. It must present more evidence than just the officer's statement he had a "feeling" based on "experience" that the object he felt was contraband. Doctor, 596 So.2d at 445.
In this case, the deputy's testimony did not establish that he immediately knew the objects in Rodriguez's pocket were drugs. *132 He stated "I thoughtI wasn't too sure that it could have been drugs down in small packets, you know, little baggies.... I just patted several times to see what I was feeling and that's where I came to the conclusion that it was small packets, baggies...." He later admitted he was not sure that what he felt was drugs. See Cole v. State, 727 So.2d 280, 218 (Fla. 2d DCA 1999) (reversing denial of motion to suppress based on "plain feel doctrine" when officer did not testify that it was immediately apparent to him that the objects he felt were drugs).
Moreover, the deputy did not have extensive experience with drug crimes. As the Doctor court noted, an officer's experience and training are relevant because they can provide specific facts from which the officer could reasonably deduce that a crime was being committed. 596 So.2d at 445. In that case, the police officer had made some 250 arrests for possession of controlled substances, had been present during approximately 1000 drug arrests, and had felt or seen rock cocaine about 800 times. Id.; see also State v. J.D., 796 So.2d 1217 (Fla. 4th DCA 2001) (explaining that officer had six years of training in drug identification, had frequently encountered marijuana violations, and had made over 100 marijuana arrests). The deputy in this case testified he had made only "several" arrests for cocaine and had been present during "several" others. He did not testify about any training he had received in drug identification. Also, the deputy never testified that he knew what cocaine felt like; he merely stated he had seen crack and powdered cocaine.
The totality of these circumstances, the deputy's lack of experience in drug interdiction combined with his uncertainty about what he felt in Rodriguez's pocket, did not give him the probable cause necessary to lawfully seize the contraband. We reverse the circuit court's denial of Rodriguez's motion to suppress evidence and remand with directions to discharge him.
DAVIS, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] § 893.13, Fla. Stat. (1999).
[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).