WARNER, J.
C.D. appeals his adjudication on a charge of possession of marijuana. He claims that the trial court erred in denying his motion to suppress the drugs found on him when an officer stopped him in a public park and then, for officer safety, searched him. We agree that the officer’s search of the juvenile was not lawful, and the court should have suppressed the marijuana found as a result of the search. We reverse.
Two Palm Beach County sheriffs deputies were conducting surveillance one evening at a Royal Palm Beach city park because of reports of drug paraphernalia found there. In the dark they observed two males traversing the park, and they confronted the boys as they approached the park exit. The officers, who were in full uniform, identified themselves as deputies and attempted to explain to the juveniles about the ordinance in the park, which allowed people to be present from *1039 dawn to dusk. Posted signs in the park gave notification of the park’s time of operation.
The officer recognized one of the boys, C.D., as a person to whom he had given the same warning several weeks earlier. As the officer began to explain the ordinance again, C.D. began to walk away. The officer called him back, but C.D. continued to walk away. At that point the officer arrested him for violation of the ordinance. Because C.D. made moves toward his pocket, and the officer was unsure if he had a weapon, he searched him, incident to the arrest, and found in that same right front pocket a clear plastic baggie with marijuana in it. He was charged with possession of marijuana.
C.D. moved to suppress the marijuana, claiming that the ordinance was noncriminal and thus could not support an arrest or the search incident thereto. The trial court denied the motion, finding that because of the furtive movements the officer had a right to search C.D. to insure officer safety. C.D. then pled to the charge, reserving his right to appeal the dispositive issue. He now appeals.
A trial court’s suppression order that turns on an issue of law is reviewed de novo. Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000).
The officer arrested C.D. for being in the city park after dark, a violation of a municipal ordinance. That ordinance provides as follows: “The hours of operation for all non-lighted public parks shall be from sumase to sunset, unless a special permit has been procured from the village council allowing a special event extending the hours.” Royal Palm Beach Code of Ordinances, Sec. 17 — 13(a). It is contained in a chapter of “Offenses and Miscellaneous provisions.” Unlike many other offenses in this chapter, no penalty is included, nor does the provision state that it is a violation to be in the park after the hours of operation. Section 1-11 of the Code of Ordinances provides for a fine of up to $500 where an ordinance declares the doing of an act, or the failing to do an act, unlawful. Although the ordinance defining the park hours of operation does not declare entering into the park after hours a prohibited act, at the most the only penalty which could be assessed would be a fine of up to $500.
Assuming without deciding that the ordinance is a prohibitory one, where the penalty for violating a municipal ordinance is a fine, an “arrest” for the violation of such an ordinance, as authorized in section 901.15(1), Florida Statutes, permits only a detention for the time necessary to issue a summons or notice to appear, and a full custodial detention and search in these circumstances violates the Fourth Amendment. See Thomas v. State, 614 So.2d 468, 471 (Fla.1993). See also Cuva v. State, 687 So.2d 274 (Fla. 5th DCA 1997) (Violation of a municipal ordinance was neither a “crime” nor a “noncriminal violation” which would permit officers to detain defendant.) In Thomas, the ordinance provided for a criminal penalty of jail time for a traffic offense, but the ordinance was declared in violation of state law which had decriminalized all similar traffic offenses. Our supreme court held that a search incident to a custodial arrest was illegal. In this case, the ordinance did not provide for any penalty, let alone incarceration. Based upon Thomas, the officer’s custodial arrest of C.D. was unlawful.
Nevertheless, the state argues that the officer had the right to detain C.D. for violation of the ordinance and in doing so became concerned for officer safety when C.D. moved his hand close to his pocket, thus justifying the search on the same basis as did the trial court. We have held, however, that sueh a movement by an individual detained for a noncriminal in *1040 fraction is insufficient to warrant a pat-down or any protective search. In State v. Barnes, 979 So.2d 991 (Fla. 4th DCA 2008), an officer saw Barnes riding his bike at night without a light, as required by law. The officer approached Barnes who began to make movements towards his front pockets. Thinking Barnes might have a weapon, the officer patted him down while asking him if he had a weapon. Barnes denied having a weapon but admitted having marijuana in his pocket, which the officer then retrieved. We reversed the trial court’s denial of Barnes’ motion to suppress the marijuana. An officer can do a pat-down for weapons where he has a reasonable suspicion that the suspect is armed. A weapons pat-down is justified where an officer sees a bulge in the defendant’s clothing. However, an officer “does not have reasonable suspicion that a defendant is armed merely because, following a non-criminal traffic stop, the defendant appears nervous and keeps his hands in or near his pockets.”
The officer in this case saw C.D. only move his hands towards his pocket. The officer saw no bulge nor any indication of a weapon. Moreover, the officer did not do a mere pat-down but commenced a full search of C.D. As in Barnes, the circumstances were insufficient to warrant a reasonable suspicion that C.D. was armed. Therefore, the search of his pockets constituted an unreasonable search in violation of the Fourth Amendment.
For the foregoing reasons, we hold that the trial court erred in denying the motion to suppress. We reverse and remand to vacate the adjudication of delinquency and the probationary sentence imposed.
LEVINE and CONNER, JJ., concur.