WALLACE, Judge.
Lemarow K. Dorsey appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. In his original motion, Dorsey raised three claims of ineffective assistance of counsel. The post-conviction court dismissed the claims as facially insufficient for failure to allege prejudice and gave Dorsey an opportunity to amend the allegations. In his timely filed amended motion, Dorsey raised two grounds. We affirm the denial of ground one without comment but reverse the postconviction court’s denial of ground two *473 and remand for the postconviction court to consider that claim on its merits.
Dorsey pleaded guilty to possession of cocaine and was sentenced to twenty-four months in prison. He did not appeal his judgment and sentence. In ground two of his amended motion, Dorsey alleged that counsel was ineffective for failing to move to suppress the cocaine found on his person based on an illegal search. Citing Cole v. State, 727 So.2d 280, 281 (Fla. 2d DCA 1999), Dorsey maintained that because the soft object in his pocket did not indicate the presence of a weapon and the illicit nature of the item was not immediately apparent, the officer did not have probable cause to reach into his pockets and the search exceeded the scope of a patdown. He asserted that but for counsel’s deficiency, the motion would have been granted and the drugs would have been suppressed.
The postconviction court found that Dorsey’s amended claim of ineffective assistance of counsel in ground two was facially insufficient for failure to properly allege prejudice. We disagree. Specifically addressing the prejudice prong, Dorsey asserted that counsel’s failure to move to suppress the evidence prejudiced him by “misadvising him to [accept] a plea bargain for which he could have had the only evidence dismissed [due] to the officer’s unauthorized practice .... This did prejudice the defendant by persuading him from exercising his constitutional right to be found guilty by a jury .... ” Dorsey’s allegation sufficiently alleges prejudice because he claimed that had counsel filed a motion to suppress, the only physical evidence of possession would have been suppressed, counsel would not have had any basis for persuading him to accept the plea, and he would have exercised his right to a jury trial. See Nelson v. State, 996 So.2d 950, 952 (Fla. 2d DCA 2008). Thus, the claim was facially sufficient.
Because nothing in the record on appeal conclusively refutes Dorsey’s facially sufficient claim or suggests that had counsel moved to suppress the evidence, Dorsey would not have proceeded to trial, we reverse and remand for the reconsideration of ground two of Dorsey’s motion. On remand, the postconviction court shall address ground two on its merits and either attach portions of the record that conclusively refute Dorsey’s claim or hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
LaROSE and SLEET, JJ., Concur.