NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH WINFRED CONYERS,                )
                                       )
            Appellant,                 )
                                       )
v.                                     )       Case No. 2D14-751
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed May 6, 2015.

Appeal from the Circuit Court for Pinellas
County; Thane B. Covert, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

        Joseph Winfred Conyers appeals his judgments and sentences for

possession of cocaine and possession of drug paraphernalia.  He pleaded guilty to both

counts after the trial court denied his dispositive motion to suppress the drug

paraphernalia, a glass tube crack pipe.  A police officer had seized the paraphernalia

during a consensual patdown search of Mr. Conyers.  The issue in this case is whether

an experienced narcotics officer can establish probable cause to remove a glass tube from a pocket during a consensual search to confirm the officer's suspicion that it is drug paraphernalia under the plain feel doctrine. In this case, we conclude that the trial court correctly determined that the officer had probable cause to remove the glass tube as suspected contraband. Accordingly, we affirm the judgments and sentences.

At approximately 11:00 p.m. on April 2, 2013, a Clearwater police officer on patrol stopped Mr. Conyers for riding his bicycle without lights. The officer ran Mr. Conyers' name through a dispatch operator, who relayed to the officer that although there were no warrants for Mr. Conyers' arrest, he was listed as a "Division M" individual. Mr. Conyers, who was standing next to the officer, heard this and became upset. He explained to the officer that Division M is for violent offenders, which he had never been. The officer told Mr. Conyers he was not going to issue him a citation but asked if he could search him for weapons. Mr. Conyers politely told the officer he would not consent to a search for weapons, although he would submit to a patdown.

When the officer touched Mr. Conyers' right pants pocket with his open palm, he felt a hard, cylindrical object that he "immediately recognized to be a crack pipe." The officer retrieved the object and confirmed his suspicions that it was a crack pipe—a cylindrical, glass tube with steel wool in one end and white residue inside. The officer then conducted a search incident to the arrest for possession of drug paraphernalia and found crack cocaine in a sweatband underneath Mr. Conyers' hat.

Mr. Conyers moved to suppress the evidence, arguing that the officer did not have probable cause to seize the crack pipe based on plain feel. He did not challenge the legality of the patdown. The officer was the only witness at the

suppression hearing. He testified to his extensive experience as a narcotics officer and specifically to his exposure to, and training regarding, crack pipes. He testified that he has conducted hundreds of searches and encountered numerous crack pipes identical to the one Mr. Conyers had. Regarding the patdown of Mr. Conyers, he testified:

> At the second I touched it I knew it was—I said "That's a crack pipe." I told him, I said it's a crack pipe. I've touched so many of them and used them as far as investigations and everything throughout my entire career that it was just unmistakable. It's a very unique item. I've not found any items that are the same as that throughout almost fifteen years of law enforcement.

The officer further explained that he can immediately recognize a glass crack pipe in someone's pocket without manipulating it because they are all hard, cylindrical objects that measure approximately two and a half to three inches in length and are "not quite as big around as a ChapStick tube" but wider than a pencil.

In its oral ruling, the trial court agreed with the State that the officer had probable cause to seize the crack pipe based on plain feel and ultimately to arrest Mr. Conyers for possession of drug paraphernalia. The trial court found that when the officer conducted the lawful patdown, he felt an object, which, based on his extensive training and experience, he immediately recognized to be a crack pipe. The trial court further concluded that to establish probable cause justifying the seizure, it was not necessary for the officer to see or smell the crack pipe or to know that it contained residue because probable cause is based on a reasonable belief that an item is contraband and does not require an officer to have actual knowledge that it is. Mr. Conyers challenges this legal conclusion on appeal.

Under the "plain feel" doctrine, the warrantless seizure of an item is justified by probable cause when a police officer conducts a lawful patdown and it is "immediately apparent" to the officer that the item is a weapon or contraband. Minnesota v. Dickerson, 508 U.S. 366, 374-77 (1993); see also Rodriguez v. State, 807 So. 2d 130 (Fla. 2d DCA 2002) (citing Doctor v. State, 596 So. 2d 442 (Fla. 1992), and Dickerson, 508 U.S. 366). Whether a police officer has sufficient probable cause to believe that the item is contraband depends on the totality of the circumstances at the time of the seizure. Doctor, 596 So. 2d at 445. "Relevant to this inquiry is the officer's specific experience with respect to the particular narcotic in question." Id. An officer's "feeling" based on "experience" that the object he felt was contraband is inadequate to establish probable cause. Rodriguez, 807 So. 2d at 131 (quoting Doctor, 596 So. 2d at 445). But an officer does not need to "know" that an item is contraband, "and a finding of probable cause does not require absolute certitude." Santiago v. State, 84 So. 3d 455, 459 (Fla. 4th DCA 2012) (alteration in original omitted) (citations omitted). Rather, probable cause exists when the totality of the circumstances would allow a reasonable person in the officer's position "to believe that, more likely than not, a crime has been committed." Id. (quoting League v. State, 778 So. 2d 1086, 1087 (Fla. 4th DCA 2001)); see also Bellamy v. State, 696 So. 2d 1218, 1220 (Fla. 2d DCA 1997).

Without any extensive discussion and as an alternative holding, this court has previously held that the plain feel of a crack pipe during a lawful patdown can provide probable cause to arrest. State v. M.J., 685 So. 2d 1350 (Fla. 2d DCA 1996); see also Cole v. State, 727 So. 2d 280, 281 (Fla. 2d DCA 1999) (concluding that officer did not have probable cause to seize crack pipe based on plain feel where officer "did

not testify that it was immediately apparent to him that the object in [the defendant's] pocket was contraband"). But Mr. Conyers suggests that a closer examination would cause this court to conclude that probable cause to seize contraband based on plain feel requires more than an officer's immediate recognition of a crack pipe because a crack pipe is not per se contraband.

Mr. Conyers relies on Walker v. State, 514 So. 2d 1149, 1151 (Fla. 2d DCA 1987), in which this court held that seeing the "stem" of a pipe in plain view did not provide probable cause to arrest for possession of drug paraphernalia. In that case we reasoned that "pipes are used to smoke materials other than drugs" and are therefore "not contraband per se." Id. Because "[t]here was no testimony that the officers noticed any odor or residue that suggested the pipe was used to smoke drugs," we concluded that there was no probable cause to arrest for possession of drug paraphernalia. Id.; see also M.L. v. State, 47 So. 3d 911, 913 (Fla. 3d DCA 2010) (relying on Walker and concluding that the "mere observation of a portion of a pipe . . . cannot constitute probable cause because it could be a tobacco pipe or other lawful object"). Similarly, in T.W.C. v. State, 666 So. 2d 217 (Fla. 2d DCA 1995), we concluded that an officer who felt a wooden tobacco pipe in the defendant's pocket did not have probable cause to believe that the defendant possessed drug paraphernalia until he seized it and discovered marijuana residue. We explained that the tobacco pipe had other, legal, uses and was not necessarily contraband.

These cases are distinguishable because the "pipe" that the officer seized from Mr. Conyers is not similar to a traditional tobacco pipe. The paraphernalia in this case is a short glass tube of a variety that, over the last thirty years, has become known

as a "pipe" because it is used to heat illegal drugs. The defendant suggests no common explanation for carrying such a glass tube in a pocket except for its role as a drug delivery system, and this court has not discovered any alternative common explanation. Thus, we hold that an experienced officer who identifies such a glass tube by plain feel can conclude, based on his or her prior experience and the totality of the circumstances at the time and place of the search, that it is more likely than not that the hard, cylindrical object is drug paraphernalia. See § 893.145(12)(a), Fla. Stat. (2012) (defining a glass pipe, with or without a screen, as drug paraphernalia, which is "deemed to be contraband").

Because case law sometimes intermingles the concept of probable cause to arrest with probable cause to search, it is worth emphasizing that this case deals exclusively with probable cause to search for contraband on a person. The issue is not whether the officer could arrest Mr. Conyers for possession of paraphernalia when he first felt the object but whether the Fourth Amendment permitted the officer to conduct a limited search, a removal of the object from Mr. Conyers' pocket. Once the object was removed, the officer's visual inspection either would confirm that the object was a crack pipe and establish probable cause to arrest or it would disclose that the item was some uncommon innocent item not justifying his further detention. It is also worth emphasizing that under Florida's statutory definition, a crack pipe may be contraband even if it has never been used. The definition of "drug paraphernalia" as contraband includes objects "intended for use" and those "designed for use" in inhaling cocaine. § 893.145(12). In this case, the glass tube containing steel wool would be an object designed for use in inhaling cocaine even if it contained no residue. Thus, an officer

does not need probable cause to believe the glass pipe has previously been used or contains residue before he conducts the search. Cf. People v. Bostic, 810 N.E.2d 273 (Ill. App. Ct. 2004) (involving a glass pipe that was not paraphernalia under a different statutory definition).

We note that we are not alone in our holding. Our research indicates that every state that has squarely addressed this issue has reached the same conclusion. See, e.g., Jones v. State, 515 S.E.2d 841, 844-45 (Ga. Ct. App. 1999) (rejecting defendant's argument that "crack pipe not shown to contain cocaine residue is not contraband [under Georgia law] and therefore not subject to . . . plain feel" and concluding that plain feel provided probable cause justifying seizure where officer knew immediately that glass tube he felt in defendant's pocket was a crack pipe); State v. Willis, 728 So. 2d 493, 498-99 (La. Ct. App. 1999) (concluding that plain feel provided probable cause justifying seizure where officer felt two cylindrical objects approximately three to four inches long, which, based on his prior experience, he recognized as crack pipes); State v. Krenik, 774 N.W.2d 178, 184-85 (Minn. Ct. App. 2009) (explaining that "immediately apparent" does not mean that an officer must be certain about an object's identity and concluding that plain feel provided probable cause justifying seizure where officer felt "a smoking glass tube" and recognized it as contraband from prior experience, although she admitted it "could have been something else"); Garcia v. State, 967 S.W.2d 902, 906-07 (Tex. Ct. App. 1998) (concluding that plain feel provided probable cause justifying seizure where officer testified that he had "probably felt one hundred crack pipes in [his] experience, and as soon as [he] felt the [defendant's] right front pocket," he "knew it was a crack pipe").

The trial court correctly denied Mr. Conyers' motion to suppress, and we affirm the judgments and sentences.

Affirmed.

SILBERMAN and SLEET, JJ., Concur.