NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TOJARRE J. NELSON,                     )
a/k/a TORJARRY NELSON,                 )
                                       )
     Appellant,                        )
                                       )
v.                                     )    Case No. 2D17-3650
                                       )
STATE OF FLORIDA,                      )
                                       )
     Appellee.                         )
_____)

Opinion filed March 1, 2019.

Appeal from the Circuit Court for Pinellas
County; Nancy Moate Ley, Judge.

Howard L. Dimmig, II, Public Defender, and
Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

        Tojarre Nelson appeals his convictions and sentences for carrying a

concealed firearm, possession of cocaine, and possession of marijuana, claiming the

trial court committed legal error in denying his dispositive motion to suppress.[1]  Because law enforcement's search of Nelson was predicated on a violation of a municipal ordinance banning his presence in a city park after hours, for which the power to conduct a full custodial arrest does not apply, the trial court erred in denying his motion to suppress.  We therefore reverse these three convictions and remand for further proceedings.

At 12:33 a.m., two officers drove by a city park and saw Nelson sitting at a picnic table.  The officers entered the park from opposite directions and travelled by foot toward Nelson.  The officers based their approach upon Nelson's presence in the park after the posted closing time of 11:00 p.m.  When Nelson saw the officers, he told them he was in the process of leaving and started walking toward his bicycle.  One of the officers started issuing commands to stop and noticed Nelson's hand go toward his waistband area as he reached for his bicycle.  The officer drew his weapon and then grabbed the handle of Nelson's bicycle to stop him from leaving.  The second officer did not see Nelson make any furtive motions.  Both officers testified that Nelson was immediately placed under arrest for violating section 21-40 of the St. Petersburg Code of Ordinances.  The officers conducted a search incident to the arrest and discovered the contraband at issue.  Based on these facts, defense counsel filed a motion to suppress; however, the trial court denied the motion because the "the police had a right to be where they were."

---

[1]Mr. Nelson pleaded guilty but reserved his right to appeal the dispositive motion to suppress.  He does not appeal his two other convictions and sentences for resisting arrest with violence and battery on a law enforcement officer.

While the above observation by the trial court was factually correct, it was not a legal basis to deny the motion to suppress. "[W]hen a person is charged with violating a municipal ordinance regulating conduct that is noncriminal in nature, . . . [a] full custodial arrest . . . is unreasonable and a violation of the Fourth Amendment and article I, section 12 of the Florida Constitution." Thomas v. State, 614 So. 2d 468, 471 (Fla. 1993). Here, the search exceeded the scope of a permissible search based upon a noncriminal ordinance violation. See Cuva v. State, 687 So. 2d 274, 276 (Fla. 5th DCA 1997) (holding that a "violation of a municipal ordinance is neither a 'crime' nor a 'noncriminal violation' " (quoting Thomas, 614 So. 2d at 472)).

This case is eerily similar to C.D. v. State, 82 So. 3d 1037 (Fla. 4th DCA 2011). In C.D., two officers saw C.D. and another boy walking across a park one evening and stopped them as they were about to exit the park. Id. at 1038. As the officers were explaining that the park hours were from "dawn to dusk," C.D. walked away and failed to follow the officer's command to come back. Id. at 1038-39. The officer arrested C.D. for violating the ordinance, and, because C.D. made "moves toward his pocket," the officer searched him incident to the arrest and found marijuana. Id. at 1039. The trial court's denial of the motion to suppress was predicated on its finding that the furtive movements necessitated a search to insure the officers' safety. Id. The district court reversed, holding that when an officer stops a person for a noncriminal infraction, a furtive movement—without a bulge or an indication of a weapon—"is insufficient to warrant a pat-down or any protective search." Id. at 1039-40 (relying on State v. Barnes, 979 So. 2d 991, 993 (Fla. 4th DCA 2008), which held that an officer "does not have reasonable suspicion that a defendant is armed merely

because, following a non-criminal traffic stop, the defendant appears nervous and keeps his hands in or near his pockets"); see also Brown v. State, 224 So. 3d 806, 810 (Fla. 2d DCA 2017) ("[F]or a weapons pat-down search to be valid, an officer must identify objective facts indicating that the person detained is armed and dangerous." (quoting Dawson v. State, 58 So. 3d 419, 422 (Fla. 2d DCA 2011))).

Although the State argues that section 901.15(1), Florida Statutes (2016), permits an officer to arrest a person for violating a municipal ordinance, the supreme court has rejected this argument. See Thomas, 614 So. 2d at 471. In Thomas, the supreme court held that an "arrest" under section 901.15(1) does not mean a full custodial arrest and search incident thereto, but rather, that the officers may detain an individual only "for the limited purpose of issuing a ticket, summons, or notice to appear." Id. at 471; see also C.D., 82 So. 3d at 1039.

Additionally, the State argues that the motion to suppress was properly denied because the officer reasonably relied in good faith on a municipal ordinance to justify the arrest. However, this court has previously admonished law enforcement officers for continuing to conduct full custodial arrests for bicycle infractions after such action was found unlawful in Thomas sixteen years prior. See L.B.B. v. State, 998 So. 2d 1217, 1219 (Fla. 2d DCA 2009) (reiterating the principle that "police officers are charged with knowledge of the law" (quoting Frank v. State, 912 So. 2d 329, 331 (Fla. 5th DCA 2005))). As it stands today, Thomas was decided twenty-six years ago and C.D., which is directly relevant to the park hours ordinance in this case, was decided eight years ago. Thus, the State cannot argue that the officers acted in good faith when they arrested Nelson for violating a park hours ordinance.

Because the officers were not authorized to conduct a full custodial detention and search, the officers violated Nelson's Fourth Amendment right to be free from an unreasonable search and seizure. We thus reverse Nelson's convictions and sentences for carrying a concealed firearm, possession of cocaine, and possession of marijuana. We affirm his two remaining convictions and sentences. Because Nelson's plea was negotiated to a concurrent term as to all five charges, we remand with instructions to allow Nelson, if he chooses, the opportunity to withdraw his plea on the two remaining charges. See Brown, 224 So. 3d at 811.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and BLACK, JJ., Concur.